PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee recommending that Robert W. Bowles, Jr. be suspended from the practice of law for eight months. Neither the bar nor Bowles has petitioned for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The bar’s complaint charged Bowles with five counts of misconduct. Count I alleged that Bowles had violated Florida Bar Code of Professional Responsibility Disciplinary Rules 6-101(A)(3), 7-101(A)(2), and 7-101(A)(3) while representing a client in a bankruptcy proceeding. Count II alleged his violations of disciplinary rules 2-101(A), 2-101(B)(l), (2) and (3); 2-106(A), 9-102(B)(3) and (4), and Florida Bar Integration Rule 11.02(4) by using improper advertising and mishandling the representation and funds of a client seeking a dissolution. Count III alleged that Bowles had violated disciplinary rules 6-101(A)(3), 7-101(A)(l), 7-101(A)(2), and 7-101(A)(3) by mishandling another dissolution action. Count IV alleged violations of disciplinary rules 6-101(A)(1), 6-101(A)(2), and 6-101(A)(3) by Bowles in mishandling a real estate matter entrusted to him. Count V alleged that Bowles had violated disciplinary rules 2-101(A), 2-101(B)(2), 2-101(B)(3), 2-101(B)(6)(c), 6-101(A)(3), and 7-101(A)(2) by using improper advertising and mishandling a third dissolution.
Based upon the pleadings and evidence, the referee recommended that Bowles be found guilty of the violations charged in Counts II through V. The referee recommended that Bowles be suspended for eight months, pay the costs of these proceedings, and make restitution to two clients. We adopt the referee’s findings and approve his recommendations.
*367 We therefore suspend Robert W. Bowles, Jr. from the practice of law in Florida for eight months and thereafter until he shall prove his rehabilitation. The suspension shall be effective January 2, 1985, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. He shall also make restitution of $293.00 to Mrs. Judity Reed and $70.00 to Mrs. Bertha Kipp. Costs in the amount of $3,168.73 are assessed against Bowles.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.